CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 13 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:15CR00007 |
| | ) | (Civil Action No. 7:18CV81305) |
| v. | ) | **MEMORANDUM OPINION** |
| BIANCA VICTORIA AROCHE, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Bianca Victoria Aroche, a federal inmate proceeding pro se, filed a motion for reduction of her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794 to the United States Sentencing Guidelines. Based on the nature and timing of her submission,[*] the court conditionally construed and docketed it as a 28 U.S.C. § 2255 motion. Because Aroche has not responded to the conditional filing order entered in this case, the court now dismisses the § 2255 action without prejudice.

A district court must offer the defendant an opportunity to elect whether or not she objects to the court's stated intention to address her post-conviction motion as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). In making this decision, the defendant should consider particularly § 2255(f) (setting a time limit for a defendant to file a § 2255 motion) and § 2255(h) (limiting a defendant's ability to file second or successive § 2255).

---

[*] Amendment 794 took effect on November 1, 2015, long before Aroche was sentenced in March of 2017. Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because the amendment was in effect when Aroche was sentenced, she is not eligible for a reduction based on that amendment under § 3582(c)(2). By separate order, the court will deny her original motion accordingly.

In this case, the court notified Aroche that her submission had been construed as a § 2255 motion, advised Aroche of the statute of limitations and successive petition provisions of that statute, and gave her two options: (1) to submit a written objection to the court's construction of her submission as a § 2255 motion or a motion to withdraw the § 2255 motion, or (2) to elect to proceed under § 2255 ***by filing a properly executed § 2255 motion***. The court also advised Aroche that if she failed to respond to the order, either by objecting or by submitting a properly signed § 2255 motion, the conditionally filed § 2255 motion would be dismissed without prejudice.

The response time has elapsed, and Aroche has had no further communication with the court. Because she has neither objected to, nor adopted, the conditional construction of her submission as a § 2255 motion, Aroche's § 2255 motion will be dismissed without prejudice. An appropriate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant.

ENTER: This 12th day of April, 2018.

                                                Senior United States District Judge